**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) |
| | ) **Criminal No:  16-10343-ADB** |
| **SUNRISE LEE** | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR MISTRIAL OR FOR CURATIVE AND PROSPECTIVE RELIEF

One Friday March 1, 2019, the defendant, though counsel, moved for a mistrial because the government elicited salacious testimony from witness Alec Burlakoff that characterized Lee as a person with a proclivity to engage in morally questionable activity for financial gain over the objection of counsel.  This amounted to a highly prejudicial misuse of propensity evidence with minimal, if any, probative value.  As a result, the admission of the testimony violated Fed. R. Evid. 403 and 404(b)'s proscriptions and the Fifth and Sixth Amendment to the United States Constitution.

In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court observed that the term "unfair prejudice" "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* At 180.  Improper grounds include the misuse of propensity evidence through generalizing a defendant's earlier acts "into bad character and taking that as raising the odds that he did the later bad act now charged." *Id*. At 180-81.  Moreover, unfair prejudice results where, as here, the testimony likely provoked an emotional response from the jury and tended to adversely affect the jury's attitude towards Lee wholly apart from its judgment as to her guilt or innocence of the

1

charged offense.  *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999); *United States v. Yazzie*, 59 F.3d 807, 811 (9th Cir. 1995).

The government, through testimony based on the unsubstantiated, salacious content of the anonymous email, has smuggled in forbidden propensity evidence to impermissibly gain a tactical advantage.  Stricken questions and unsubstantiated testimony that Lee may have worked as an escort for financial gain (which is code for prostitution), and had topless photos on the internet even if admitted for a limited purpose, requires the jury to impermissibly consider her character or propensity as a necessary link in the inferential chain.  Put another way, to logically weigh the testimony and parse its limited use, the jury heard questions that gave an inference that if Lee worked as an escort or operated an escort service for financial gain in the past and had topless photos on the internet, it is more likely that she committed the charged offense for financial gain.  This is an improper use of character and propensity evidence.  *See United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000) (evidence that has special relevance to an issue "must not include 'bad character or propensity as a necessary link in the inferential chain'"); *United States v. Morley,* 199 F.3d 129, 133 (3rd Cir. 199) (when bad act evidence is relevant and admissible for a proper purpose, proponent must articulate how that evidence fits into chain of inferences "*'no link of which may be the inference that the defendant has the propensity to commit the bad act.'"* ) (emphasis supplied).

At side bar on March 1, 2019, the Court indicated that because the evidence had probative value against a codefendant, the government was entitled to offer portions of the evidence.  However, the Court's inquiry should not have ended there.  A further balancing test of the harm to defendant Lee's Due Process rights to a fair trial would have shown that Lee's right out-weighed the government's professed need to use evidence that was repetitive of other

evidence in the government's case.  When admissible evidence encounters a constitutionally protected right the government's ability to use the evidence must always yield to the constitutional right.  Afterall, it was the government that decided to join the defendants in a single conspiracy trial thereby assuming the risk that evidentiary issues would arise that would prevent the use of certain evidence that would be otherwise admissible in separate trials.

The highly prejudicial impact of this salacious propensity evidence cannot now be undone.  No limiting instruction can cure the prejudice Lee has suffered.  As a result, a mistrial is necessary.  The Due Process Clause of the Fifth Amendment to the United States Constitution mandates that the court declare a mistrial as to Sunrise Lee.

Should the Court determine not to grant a mistrial, it should provide the following alternative relief, although Lee does not concede that such relief would be adequate:

1. Strike Burlakoff's testimony that touches upon the content of the email and instruct the jury to disregard and not consider it for any purpose;

2. Preclude the government from re-offering Exhibit 0664 for any purpose;[1] and

3. Preclude the government from eliciting further testimony from any witness (including Burlakoff) on the extrajudicial statements contained in Exhibit 0664.

This requested alternative relief will insure Lee does not suffer further prejudice from the highly inflammatory extrajudicial statements made by an anonymous, biased person who the government does not intend to call as a witness.  This road has now been traveled and the government has made its collateral, limited point on a marginal issue.[2]  To delve into these

---

[1] This court has already ruled that the exhibit will not be admitted.  This prospective relief is requested so that the government is on notice in no uncertain terms that it may not be re-offered.

[2] Burlakoff's earlier testimony regarding the company's hiring practices – "PHD" – renders dubious the need for evidence to show Kapoor's knowledge/notice on this issue.  Considering his testimony thus far this highly prejudicial evidence is also needlessly cumulative and excludable on that basis under Rule 403.

extrajudicial inflammatory statements further will (if it has not already occurred) irreparably

prejudice and compromise the jury's impartiality as to Lee and be violative of her Sixth

Amendment confrontation right [3] and her Fifth Amendment due process right to a fair trial.

Respectfully submitted,

Peter Charles Horstmann, Esq.
BBO #556377
450 Lexington Street, Suite 450
Newton, Massachusetts 02466
(617) 723-1980

Attorney for Defendant Sunrise Lee

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, certify that I have caused a copy of this Memorandum to be
served through the ECF system on AUSAs Nathaniel Yeager, David Lazaras and Fred
Wyshack, United States Attorneys Office, One Courthouse Way, Boston, MA
02210, on March 3, 2019.

Peter Charles Horstmann, Esquire

---

[3] Admission of Exhibit 0664 would violate Lee's confrontation rights under the Sixth Amendment to the United
States Constitution (i.e., she is unable to refute or challenge the inflammatory hearsay statements through cross-
examination). As this court recognized, the truthfulness of the statements cannot be known and the email's
anonymous author may be biased. Lee would be unable to confront and cross-examine any witness on reliability or
bias. *See United States v. Houlihan*, 92 F.2d 1271, 1296 (1st Cir. 1996) ("[t]o demonstrate a violation of the
Confrontation Clause, a defendant must show that he was prohibited from engaging in otherwise appropriate cross-
examination designed to show a prototypical form of bias on the part of a witness").