UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.

SUNRISE LEE, et al.,

Defendants.

Criminal No. 16-CR-10343-ADB

**REQUEST FOR RULE 104(C) HEARING**

**DEFENDANT LEE'S MOTION *IN LIMINE* TO PRECLUDE GOVERNMENT FROM OFFERING CUMMULATIVE, INFLAMATORY, IRRELEVANT, DUBIOUS & INCOMPETENT EVIDENCE TO IMPEACH ITS OWN WITNESS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Sunrise Lee, moves *in limine* to preclude the government from introducing irrelevant, inflammatory, cumulative, incompetent and dubious evidence through Jodi Havens designed solely to prejudice the jury against Lee, including testimony about her observations with other Insys employees and Dr. Paul Madison at the Underground nightclub in Chicago, Illinois (the "Nightclub Event").

This kind of evidence is irrelevant to the charged conspiracy in this case – that the defendants engaged in a conspiracy to bribe doctors and lie to insurance companies. Even if true, the behavior of participants in the Nightclub Event is simply not probative of an agreement or intent to violate the law as charged nor is it criminal *per se*. Since it in no way makes the truth of the government's allegations "more or less probable" it is irrelevant and inadmissible under Rule 401. *See* Fed. R. Evid. 401(a) (relevant evidence must have a tendency to make a fact "more or less probable than it would be without the evidence").

Even if marginally relevant, this evidence should be excluded under Rule 403 because any conceivable probative value is substantially outweighed by the danger of unfair prejudice.

1

Fed. R. Evid. 403.  It will inflame the jury's moral prejudice against Lee and unfairly cast her as a person of questionable and unsavory morals.  The danger of tainting Lee's moral character is unavoidable and a limiting instruction will be ineffective.

Since the jury has already heard this dubious tawdry evidence, further testimony would waste time, mislead the jury and needlessly present cumulative evidence.  Fed. R. Evid. 403.  This is especially true where, as here, the government has already introduced evidence of this incident and has, through other means of proof, established Lee's connection to Dr. Madison.  *See* Fed. R. Evid. 403 Advisory Comm. Notes ("availability of other means of proof may also be an appropriate factor").  *See also United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000) (prejudice can be "unfair" where fact can be proven by other, non-prejudicial evidence).

This evidence is also inherently unreliable.  According to the government's lead-off witness, Holly Brown, all participants in the Nightclub Event ingested large amounts of alcohol and were inebriated, raising serious doubt about the witness' ability to perceive or recall the events reliably.  Indeed, Brown further recalled that Madison was behaving in a manner that she had received warnings about from her prior supervisor.  This further complicates the witnesses' ability to perceive what was transpiring.  Morevoer, Brown admitted to regularly lying to her supervisor about her written reports of her attempts to visit Madison.  As if this were not enough, the Government's star witness, Alec Burlikoff, volunteered on cross-examination that he did not believe that the Nightclub Event had occurred.

Lastly, the evidence is not probative of any crime alleged in the Superseding Indictment.  It is not associated with any pattern of conduct on the part of the defendant.  Even if believed, it is conduct that may occur absent any business relationship between the participants and is not suggestive of any criminal intent or knowledge.  If it occurred, it took place on the night of

November 5 or 6, 2012, following a Madison dinner/speaker program.  This was after Madison had already begun to prescribe Subsys and Holly Brown was occupying space in Madison's Indiana office every Wednesday in October, 2012, to help with paperwork.

Accordingly, the challenged evidence should be excluded for these reasons.

The defendant further moves, pursuant to Fed. R. Evid. 104(c), for a hearing on the admissibility of the challenged evidence.

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court is urged to preclude the Government from offering such evidence.

Respectfully submitted,

_____
Peter Charles Horstmann
BBO# 556377
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466
(617) 723-1980

### CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 14th of March, 2019, a copy of the foregoing MOTION *IN LIMINE* was served electronically upon all Assistant United States Attorneys of record, Office of the United States Attorney, 1 Courthouse Way, Boston, MA 02210.

_____
Peter Charles Horstmann