UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 16-10343-ADB |
| v. | ) | |
| | ) | |
| SUNRISE LEE, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO PRECLUDE EVIDENCE

Defendant moves to preclude the testimony of Jodi Havens, an Insys Specialty Sales Professional who was present at an Insys speaker event in November 2012 with the defendant, Dr. Paul Madison, and others. Subsequent to the speaker event, Havens, Holly Brown, Madison and defendant went to a Chicago nightclub called The Underground.

Defendant is charged with, *inter alia*, a conspiracy that included the bribery of health care professional to prescribe Subsys, Insys's only branded product. In particular, Defendant is alleged to have bribed Madison. Evidence has been adduced at the trial of this matter through the testimony of Holly Brown that the defendant had engaged in inappropriate conduct with Madison at The Underground. This evidence is directly relevant to Defendant's intent to bribe Madison.

During the cross-examination of Alec Burlakoff, Defendant's counsel questioned the credibility of Brown.

> Q. Okay. And the date of this email is October 3, right?
> A. Yes.
>> MR. HORSTMAN : Okay. I'd offer this, Your Honor.
>> MR. WYSHAK: No objection.

> THE COURT: It's admitted.
>
> (Exhibit 6919 admitted into evidence.)
>
> Q. And once again, this appears to be a portion of a status report or a status report regarding Dr. Madison and two other physicians that Ms. Brown was working with, correct?
>
> A. Yes.
>
> Q. And at least as of October 3, she reports that there was some positive information regarding Dr. Madison, correct?
>
> A. This is what she reports.
>
> Q. And once again, you don't believe the rep reporting all the time, right?
>
> A. **I just don't know when she's telling the truth or when she's not. I don't know about the lap dance being true or false. I don't know if this is true or false. She's very hot and cold. It's hard to determine.** So I can only speak for myself.

Tr. 3/11/19 at p.16-17. (emphasis added)

The government intends to call Jodi Havens to corroborate the testimony of Brown. Havens has always been on the government's witness list so there can be no claim of surprise. Defendant cannot question the integrity of certain evidence and then prevent the admission of other evidence meant to prove the veracity of the questioned evidence.

Defendant herself admits that the examination of Burlakoff undermined the testimony of Brown,

> This evidence is also inherently unreliable. According to the government's lead-off witness, Holly Brown, all participants in the Nightclub Event ingested large amounts of alcohol and were inebriated, raising serious doubt about the witness' ability to perceive or recall the events reliably. Indeed, Brown further recalled that Madison was behaving in a manner that she had received warnings about from her prior supervisor. This further complicates the witnesses' ability to perceive what was transpiring. Moreover, Brown admitted to regularly lying to her supervisor about her written reports of her attempts to visit Madison. As if this were not enough, the Government's star witness, Alec Burlakoff, volunteered on cross-examination that he did not believe that the Nightclub Event had occurred.

Defendant's Motion at p.2.

The Court has already ruled on the admissibility of the above evidence.  Therefore, Defendant's motion should be denied.

Dated:  March 14, 2019

ANDREW E. LELLING
United States Attorney

By:  /s/ Fred M. Wyshak, Jr.
Fred M. Wyshak, Jr.
K. Nathaniel Yeager
David Lazarus
Assistant U.S. Attorneys