**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**   )<br>                                                     )<br>            v.                                      )<br>                                                     )   **Criminal No: 16-10343-ADB**<br>**SUNRISE LEE**                           )<br>                 **Defendant.**           )   **LEAVE TO FILE GRANTED**<br>                                                     )   **ON DECEMBER 17, 2019** | |

**DEFENDANT LEE'S REPLY TO GOVERNMENT'S OPPOSITION**
**TO MOTION TO CONTINUE SENTENCING [Doc. 1042]**

NOW COMES the Defendant, Sunrise Lee, through counsel, and hereby replies to the Government's Opposition to Motion to Continue Sentencing, [Doc. 1042], as follows:

1. It appears that the Government's entire opposition is predicated on the Draft PSR which erroneously indicated that the Defendant refused to be interviewed by probation.

2. The Government is aware that this statement is erroneous as it has been previously advised by counsel as to its falsity including immediately prior to the filing of its Opposition. [Doc. 1042].

3. In fact, during the time period prior to the Draft PSR, the Defendant was not personally in communication with probation and only communicated with probation through the undersigned counsel.

4. The undersigned counsel did not ever tell probation that the Defendant refused to be interviewed and, on the contrary, repeatedly advised probation that the

1

interview would be conducted when circumstances outlined in counsel's sealed affidavit permitted it.

5. The Government was also notified of this error in the draft PSR by email on December 12, 2019.

6. More importantly, this allegation is directly refuted by the fact that the Defendant was interviewed by probation on October 29, 2019. (See Ex Parte Affidavit of Peter Charles Horstmann, Esquire).

7. What the Government appears to be arguing is that the Defendant waived her right to be interviewed even though she never knowingly did so and availed herself of the opportunity to do so October 29, 2019.

8. Regardless of the Government's erroneous argument, there is simply no constitutionally recognizable reason as to why the Defendant should be sentenced without the benefit of an interview she provided and records which were identified to probation and never sought, through no fault of probation.

9. Moreover, the Defendant did serve probation and the Government with timely objections to the draft PSR on October 21, 2019.[1]

10. On October 22, 2019, after this Court continued the sentencing date by 2

---

[1] The Government asserts that it "objected" to the Defendant's delay in failing to "cooperate" with probation on October 21, 2019. To the extent that this is even a viable objection when made to just counsel and probation, the Government was of course unaware (1) of pertinent facts provided to the Court yesterday, (2) that the Court would extend all sentencing deadlines a day later on October 22, 2019, and (3) that the Defendant would be interviewed a week later, thereby eliminating the Government's concerns.

months, counsel withdrew the objections to the draft PSR based upon the understanding that they were to be mooted by the upcoming interview of the Defendant on October 29, 2019, records provided and records which were to be obtained by probation in the ensuing 2.5 months.

11. Counsel reasonably expected to receive an updated PSR at some point prior to today that allowed for notice and suggested corrections prior to sentencing.

12. Counsel could not have foreseen that there would be no updated PSR, no records requested and no time to obtain records and file a meaningful sentencing memorandum.

13. What the Government is trying to do is find some fault on the part of the Defendant for the lack of a complete PSR.

14. While the Defendant, probation and the Court share the Government's frustration, there is no fault to be assessed which would mitigate against a full and fair sentencing hearing for the Defendant.

15. Unforeseen circumstances within probation occurred which prevented the completion of the Defendant's PSR.

16. The Defendant should not be sentenced on an incomplete presentence investigation and without adequate notice and opportunity to be heard.

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to continue the Defendant's sentencing and all relevant filing deadlines.

*/s/ Peter Charles Horstmann*

Peter Charles Horstmann, Esq.
BBO #556377
450 Lexington Street, Suite 450
Newton, Massachusetts 02466
(617) 723-1980

Attorney for Defendant Sunrise Lee

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire herby certify that I have served all counsel of record including the United States through its representatives AUSAs Nathaniel Yeager, Fred Wyshak and David Lazarus, 1 Courthouse Way, Boston, MA 02110 on December 17, 2019.

*/s/ Peter Charles Horstmann*

Peter Charles Horstmann, Esq.