UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | Criminal No: 16-10343-ADB |
| SUNRISE LEE | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT LEE'S MOITON FOR LEAVE TO FILE MOTION RECONSIDERATION OF MOTION FOR NEW TRIAL AND/OR MOTION FOR JUDGMENT OF ACQUITTAL [Doc. 1028]**

NOW COMES the Defendant, Sunrise Lee, through counsel, and hereby moves for reconsideration of her previously filed Motions for Judgment of Acquittal and New Trial based upon arguments not considered or not fully considered by the Court's Memorandum and Order filed on November 26, 2019. (Doc. 1028). In support thereof, counsel states the following:

1. A little over a week after this Court's decision in the instant case, the First Circuit decided *United States v. Kilmartin,* 2019 U.S. App. LEXIS 36292, p. 40, in which the Court again admonished the Government by stating that:

   > The prosecution — which has available to it the immense resources of the federal government — possesses a significant advantage in criminal cases, and there seldom is a good reason for a prosecutor to push the envelope of that advantage. Mindful of this imbalance, we consistently have "warn[ed] the government" about "the folly of . . . overkill."

   *Citing United States v. Frankhauser*, 80 F.3d 641, 650 (1st Cir. 1996) (quoting, 967 F.2d 708, 714 (1st Cir. 1992)).

2. In this case the Court could easily conclude that the Government's effort to secure convictions under the CSA amounted to the "overkill" the First Circuit is concerned with as justification for a new trial.

3. The Court's correct decision to vacate the CSA predicates constituted a prejudicial constructive amendment to the SSI which cannot be salvaged.

**4.** Lee was entitled to have her alleged willfulness and knowledge assessed without the confusion caused by the vacated CSA predicates. *United States v. O'Hagan*, 521 U.S. 642, 665-66, 117 S. Ct. 2199, 138 L. Ed. 2d 724 (1997). "[I]n order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 191-92, 118 S. Ct. 1939, 141 L. Ed. 2d 197 (1998).

5. Lee was entitled to have her good faith instruction considered separate and apart from the CSA convictions. *United States v. Garcia-Pastrana*, 584 F.3d 351 (1st Cir. 2009)(Good faith is an absolute defense to mail and wire fraud).

6. Lee was not named in the SSI with any predicate acts associated with the prior authorization requests, (Doc. 419, Paragraphs 63-70), and as a result the Court's constructive amendment sustaining her conviction based upon prior authorizations, (11/26/19 Opinion, p. 36), deprived her of her due process rights to notice and to present a defense under the Fifth Amendment to the United States Constitution.

7. The Court's refusal to give a Jocelyn instruction must be reconsidered without the vacated CSA predicates. *United States v. Josleyn*, 99 F.3d 1182, 1194 (1st Cir. 1996).

8. Although the Court's decision was published on November 26, 2019, counsel was out of the jurisdiction almost the entire period of November 26, 2019 through December 8, 2019, and did not have an opportunity to fully review all 82 pages and research the foregoing arguments until recently.

9. The Government has indicated its opposition to the instant motion.

WHEREFORE, based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to grant the Defendant leave to file a motion for reconsideration of its rulings on the Rule 29 and Rule 33 motions.

Peter Charles Horstmann, Esq.
BBO #556377
450 Lexington Street, Suite 450
Newton, Massachusetts 02466
(617) 723-1980

Attorney for Defendant Sunrise Lee

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire herby certify that I have served all counsel of record including the United States through its representatives AUSAs Nathaniel Yeager, Fred Wyshak and David Lazarus, 1 Courthouse Way, Boston, MA 02110 on December 20, 2019.

Peter Charles Horstmann, Esq.