UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * * | |
| v. | * * | Criminal Action No. 16-cr-10343-ADB |
| SUNRISE LEE, | * * | |
| Defendant. | * * | |

# MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO AMEND FORFEITURE ORDER

BURROUGHS, D.J.

Following a jury trial, Defendant Sunrise Lee ("Lee") was found guilty of conspiring to violate the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1962(d), [ECF No. 841 at 4], and sentenced to one year and one day of incarceration, [ECF No. 1202]. At the time of sentencing, the Court deferred issuing a forfeiture order given outstanding issues as to the appropriate amount. [ECF No. 1184 at 10–12]. The Court held hearings on forfeiture and restitution, [ECF Nos. 1144, 1219, 1248], received additional briefing, [ECF Nos. 1051, 1139], and revised forfeiture calculations from the parties, [ECF No. 1235]. On February 25, 2020, the Court entered a forfeiture order for $1,170,274.00, which reflected Lee's total income from the fraudulent scheme minus the taxes that she had already paid on that income. [ECF No. 1237].

Presently before the Court is Lee's motion to amend the forfeiture order based on her contention that her tax returns may have included "phantom income" because of stock purchases

that inflated her actual income. [ECF No. 1247]. For the reasons discussed herein, the motion, [ECF No. 1247], is DENIED.

## I. BACKGROUND

On December 17, 2019, prior to sentencing, the Government filed a motion that sought an order of forfeiture against Lee for $1,662,063.76 in proceeds that included salary, severance, bonuses, and stock liquidations based on calculations made by Federal Bureau of Investigation ("FBI") Analyst and trial witness Bridget Horan ("Horan"), based on records provided by Insys and Solium Capital (now known as Shareworks by Morgan Stanley). [ECF No. 1051 ¶ 8]. Lee opposed the motion, but did not provide an alternative calculation of net income, claiming that "[a]ccurately calculating the net proceeds that Lee obtained is complicated and will take further time to complete." [ECF No. 1139 at 6].

At sentencing, as it did for the other defendants, the Court agreed to defer issuing a forfeiture order to allow the Government and Lee to reach an agreement on a forfeiture calculation that represented her salary and the proceeds of her stock sales minus the taxes she had paid on that income. [ECF No. 1184 at 10–12]. The Court agreed that a settlement that Lee had reached with Insys related to her departure from the company would not be considered income. [ECF No. 1184 at 12].

On February 25, 2020, Lee reported that her income from the fraudulent scheme was $1,851,579.00 and that she had paid a total of $546,305.00 in taxes, resulting in a total net income of $1,170,274.00. [ECF No. 1235 at 1]. Lee noted that she "ha[d] concerns" that those calculations might include "'phantom' income resulting from the reporting of unrealized stock options" and advised that she was "seeking advice on whether these concerns [we]re justified." [ECF No. 1235 at 1 n.2].

Based on the evidence and testimony at trial and Lee's sentencing hearing, the representations made by the Government in its motion for forfeiture, and the calculations provided by Lee herself, the Court found that Lee's income from the fraudulent scheme totaled $1,662,063.76. [ECF No. 1237 at 2]. The Court then credited Lee for the taxes that she had paid on that income and ordered that Lee pay forfeiture in the amount of $1,170,274.00. [Id.].

Three days later, on February 28, 2020, Lee filed the instant motion to amend or reconsider the Court's forfeiture order, claiming that her 2015 tax returns failed to credit her for the cost basis associated with the acquisition of her Insys stock options, which resulted in her 2015 income being over reported by $161,120.00 and her paying an additional $37,000.00 in taxes on that income.[1] [ECF No. 1247 at 1–2].

On March 23, 2020, the Government opposed the motion, arguing that (1) Lee did not raise the issue in a timely fashion, (2) the forfeiture order was not based on the income reported to the Internal Revenue Service ("IRS"), and (3) the forfeiture requested by the Government and ordered by the Court was already at least $189,000.00 less than the gross figure that Lee originally reported. [ECF No. 1291 at 1].

**II.   LEGAL STANDARD**

Neither Lee nor the Government cite any authority in support of their arguments. See generally [ECF Nos. 1247, 1291].

Under Federal Rule of Criminal Procedure 35(a), "the court may correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing.

---

[1] Any overpayment of taxes is irrelevant for present purposes, as the Court deducted the money paid in taxes from its forfeiture order. Because Lee has received credit for any tax overpayment, the Court need only consider any possible error in calculating Lee's income as reported on her tax returns.

Fed. R. Crim. P. 35(a).[2] Alternatively, other district courts in this Circuit have relied on the standard generally applicable to a motion for reconsideration when considering a motion to amend a forfeiture order. See United States v. Carpenter, No. 04-cr-10029, 2019 WL 722631, at *1 (D. Mass. Feb. 20, 2019). Under that standard,

> motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

Id. (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). Such motions "are not be used as a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment." Allen, 573 F.3d at 53 (alteration in original) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).

## III. DISCUSSION

Although not specifically articulated by Lee, she is seemingly relying on her tax returns being newly discovered evidence in support of her motion. See Allen, 573 F.3d at 53. Because the tax returns are not "newly discovered evidence" and Lee has not otherwise argued that the forfeiture order was based on a manifest error of law or was clearly unjust, the motion is DENIED.

"Newly discovered evidence that requires a district court to reconsider its decision is evidence that could not 'in the exercise of due diligence' have been presented earlier." United States v. Cintron, 724 F.3d 32, 36 n.5 (1st Cir. 2013) (quoting Emmanuel v. Int'l Bhd. Of

---

[2] The Court notes that it "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" under Rule 36. Fed. R. Crim. P. 36. Because there has been no claim of clerical error, however, the Court does not consider the issue.

4

Teamsters, Local Union 25, 426 F.3d 416, 422 (1st Cir. 2005)).  Lee's arguments in support of amending the forfeiture order concern tax returns from 2015.  The Government filed its motion for a forfeiture order in December 2019.  [ECF No. 1051].  Lee did not raise the issue of possible "phantom payments" until she had come to an agreement with the Government regarding her total net income and provided those numbers to the Court.  [ECF No. 1235].  Therefore, the Court finds that the alleged "phantom payments" are not newly discovered evidence.

Because Lee alerted the Court to the issue prior to the forfeiture order being entered, however, and to ensure fairness, the Court will consider the motion on its merits.  It is dispositive that neither the Court, [ECF No. 1237 at 2 n.2], nor the Government relied on Lee's tax returns in calculating her income, [ECF No. 1051 ¶ 8 n.1].  Rather, the Court used the tax returns only to determine the amount of taxes to be subtracted from the forfeiture amount.  See [ECF No. 1235; ECF No. 1237].  The Government's calculation of net income, which was agreed to by Lee, [ECF No. 1237 at 2 n.2], and relied upon by the Court, was based on records provided by Insys Therapeutics and Solium Capital (now Shareworks by Morgan Stanley).  [ECF No. 1051 at 3 n.1 n.2].  Those documents were then reviewed by FBI Analyst Horan, who was also a witness at trial.  [Id.].  Therefore, any alleged "phantom income" represented on Lee's tax returns would have had no impact on the forfeiture amount that was ordered by the Court.

## IV.   CONCLUSION

Accordingly, based on all of the evidence before it, the Court finds that the Government has demonstrated by a preponderance of the evidence that Lee's income from the fraudulent scheme, minus taxes, totaled at least $1,170,274.00[3] and that this calculation did not rely on her

---

[3] The Court notes that although the parties agreed on Lee's net income, Lee's own calculation of her gross income was "about $189,000 higher than" the Government's figure." [ECF No. 1248 at 6–7].

tax returns other than to determine what amount to subtract for taxes paid.  The motion to amend the forfeiture order, [ECF No. 1247], is therefore <u>DENIED</u>.

**SO ORDERED.**

June 8, 2020 <div style="float:right">
<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE
</div>