UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * | |
| v. | * * | Criminal Action No. 16-cr-10343-ADB |
| SUNRISE LEE, | * * | |
| Defendant. | * * * | |

**MEMORANDUM AND ORDER ON DEFENDANT'S
EMERGENCY MOTION FOR RELEASE PENDING APPEAL**

BURROUGHS, D.J.

Currently before the Court is Defendant Sunrise Lee's emergency motion for release pending appeal. [ECF No. 1443]. For the reasons set forth below, Lee's motion is DENIED.

I. BACKGROUND

On May 2, 2019, a jury convicted Lee of participating in a healthcare-related racketeering conspiracy. [ECF No. 841 at 4]. On January 22, 2020, the Court sentenced Lee to one year and one day of incarceration, followed by three years of supervised release. [ECF No. 1202].[1] Lee filed a motion for release from custody pending appeal on February 7, 2020, [ECF No. 1217], which the Court denied on March 5, 2020, [ECF No. 1252]. The First Circuit affirmed that decision on July 1, 2020. [ECF No. 1381]. Now, Lee has renewed her request, [ECF No. 1443], which the Government opposes, [ECF No. 1445]. Lee's merits appeal appears to be

---

[1] At her request, Lee's self-surrender date has been extended repeatedly. See [ECF Nos. 1382, 1400, 1419, 1436]. She is currently due to self-surrender on April 6, 2021. See [ECF No. 1436 (setting Apr. 6, 2021 as Lee's self-surrender date); ECF No. 1442 (denying Lee's most recent request for a continuance)].

fully-briefed, and oral argument has been scheduled for May 6, 2021.  See Calendaring Notice at 3, United States v. Kapoor, No. 20-1382 (1st Cir. Mar. 23, 2021).

## II.     DISCUSSION

For a full recitation of the applicable legal standard, the Court refers the reader to its Order denying Lee's initial motion for release pending appeal. [ECF No. 1252 at 3–4].  For present purposes, it is sufficient to state that, to prevail on her motion, Lee bears the burden of demonstrating that "(1) that the appeal raise a substantial question of law or fact and (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Bayko, 774 F.2d 516, 522 (1st Cir. 1985) (citing United States v. Miller, 753 F.2d 19 at 23 (3d Cir. 1985)).  To satisfy the first prong, she must show that the question is "a 'close' question or one that very well could be decided the other way." United States v. Zimny, 857 F.3d 97, 100 (1st Cir. 2017) (quoting Bayko, 774 F.2d at 523).

Lee relies primarily on a recent Fifth Circuit decision, United States v. Nora, which, in her view, creates a substantial question of law or fact mandating her release pending appeal. [ECF No. 1443 at 3–12].  As more fully set forth below, however, the Court disagrees with her assessment.

In Nora, a jury convicted the defendant, Jonathon Nora, of conspiracy to commit health care fraud, conspiracy to receive illegal health care kickbacks, and aiding and abetting health care fraud.  988 F.3d 823, 825 (5th Cir. 2021).  The Fifth Circuit reversed his convictions and vacated his sentence.  Id.  In so doing, the court held that there was not sufficient evidence admitted at trial from which a reasonable juror could conclude beyond a reasonable doubt that

Nora acted willfully to defraud Medicare or pay illegal health care kickbacks. Id. at 829–31. More specifically, the court found that

> [w]hile the Government presented evidence at trial detailing Nora's role at [the company] and his work responsibilities, the evidence did not prove that Nora understood [the company]'s various practices and schemes to be fraudulent or unlawful, and thus there was insufficient evidence to conclude that Nora acted with "bad purpose" in carrying out his responsibilities at [the company].

Id. at 831. Additionally, the court highlighted the fact that none of the Government's witnesses, including the chief orchestrator of the fraud, provided testimony that could lead jurors to believe that Nora acted with the requisite state of mind. Id. at 832–33. Finally, the court rejected the Government's argument that Nora's proximity to the fraudulent activities led to an inference of fraud, reasoning that the Government had not identified evidence "showing that Nora directly observed, or deliberately closed his eyes to, fraudulent behavior such that a rational juror could infer that he knew about [the company]'s fraud." Id. at 834.

Lee maintains that she is similarly-situated to Nora, and that if the First Circuit adopts the rationale of the Fifth Circuit, it could decide that the evidence was insufficient to support Lee's conviction. [ECF No. 1443 at 7–12]. Given the factual differences between the evidence introduced against Lee at trial and the evidence introduced against Nora, compare [ECF No. 1028 at 36–37 (discussing evidence demonstrating that "Lee worked to put systems and people in place . . . to maximize the number of prior authorizations")], with Nora, 988 F.3d at 834 (noting that evidence of Nora's proximity to the fraud was "devoid of specifics"), the Court does not find Nora particularly instructive or persuasive.[2] As discussed in its Order denying Lee's initial motion for release pending appeal, unlike the evidence against Nora, "[t]he evidence of

---

[2] Additionally, even if these cases were more comparable, the Court notes that because Nora is a Fifth Circuit case, it is not binding on this Court or the First Circuit.

Lee's guilt was substantial . . . ." [ECF No. 1252 at 14]; see [ECF No. 1028 at 36 ("Examining the evidence in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that Defendant Lee knew about the bribes and specifically agreed and intended that her co-conspirators would commit mail and wire fraud.")]. In sum, nothing about the decision in Nora alters the Court's conclusion, as discussed in its prior Order, [ECF No. 1252 at 14–15], that Lee has not met her burden of demonstrating that her appeal raises a substantial question of law or fact.

### III.   CONCLUSION

Accordingly, for the reasons stated above, Lee's renewed motion, [ECF No. 1443], is DENIED.

**SO ORDERED.**

March 31, 2021                                          /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE