UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | \* \* \* |
| v. | \* \* Criminal Action No. 16-cr-10343-ADB |
| SUNRISE LEE, | \* \* |
| Defendant. | \* \* \* |

## ORDER

BURROUGHS, D.J.

On October 26, 2021, the Government moved for post-mandate restitution and forfeiture as to Defendant Sunrise Lee ("Lee"). [ECF No. 1522]. Lee opposed on January 28, 2022 and moved to stay the issuance of an amended judgment and forfeiture order pending Supreme Court review. [ECF No. 1543]. The Government filed its reply on March 25, 2022. [ECF No. 1550].

For the reasons that follow, Lee's motion to stay, [ECF No. 1543], is DENIED, the Government's motion for post-mandate restitution and forfeiture, [ECF No. 1522], is GRANTED, and Lee is jointly and severally liable for restitution in the amount of $5,000,000.00 and ordered to forfeit $1,344,609.58.

**I.     MOTION TO STAY**

Lee has asked the Court to stay the issuance of an amended judgment pending the resolution of her petition for a writ of *certiorari*, which is currently before the Supreme Court, and the Supreme Court's review of a question raised in another case that would potentially address issues related to Lee. [ECF No. 1543 at 1–2]. Her motion for a stay is DENIED.

Lee has not properly moved for a motion to stay pending the filing of a petition for a writ of *certiorari* under Federal Rule of Appellate Procedure 41(d).  Fed. R. App. P. 41(d).  Moreover, this Court has "broad discretion to stay cases," Thakkar v. United States, 389 F. Supp. 3d 160, 171 (D. Mass. 2019) (citation omitted), and finds that Lee has failed to show any likelihood of success on appeal or that she will be irreparably injured absent a stay, see Taylor v. McDermott, No. 20-cv-11272, 2021 WL 330053, at *1 (D. Mass. Feb. 1, 2021).

## II.     MOTION FOR POST-MANDATE RESTITUTION AND FORFEITURE

The Court assumes the parties' familiarity with the factual and procedural background of this case and declines to summarize it again here.  In reaching this decision, the Court incorporates and reasserts the reasoning set forth in its November 23, 2021 Memorandum and Order on the Government's Post-Mandate Motion for Restitution.  [ECF No. 1534].

The Court originally ordered restitution of $59,755,362.45 and apportioned the debt among the defendants, capped at $5,000,000.00 for Lee.  [ECF Nos. 1225, 1248].  Following appeal and remand from the First Circuit, the Court recalculated restitution in the amount of $48,344,036.16.  [ECF No. 1534].  The First Circuit did not address the apportionment structure and, as such, the Court found no reason to disturb it as to Lee's co-defendants, [id.], and again declines to do so as to Lee.

## III.    CONCLUSION

Accordingly, the Court orders restitution as requested by the Government in the amount of $5,000,000.00 for Lee for the same reasons the Court adopted with respect to Lee's co-defendants.  See [ECF No. 1534].

3

Further, in accordance with the ruling from the First Circuit, <u>see</u> [ECF No. 1470], an Order of Forfeiture (Money Judgment) against Lee will be entered in the amount of $1,344,609.58, [ECF No. 1522].

**SO ORDERED.**

April 4, 2022                                                                     <u>/s/ Allison D. Burroughs</u>
                                                                                          ALLISON D. BURROUGHS
                                                                                          U.S. DISTRICT JUDGE